UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ETHAN JONES, et al.**<br><br>Plaintiff,<br>v.<br><br>**WELLS FARGO BANK, N.A.**<br><br>Defendant. | Civil Case No.:<br><br>**COMPLAINT**<br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This class action arises out of Defendant Wells Fargo Bank, N.A.'s ("Defendant") repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Since approximately May of this year, Defendant has placed numerous calls and text messages to Ethan Jones' ("Plaintiff") cellular telephone.

3. These calls were all related to a third-party with whom Plaintiff has no affiliation.

4. These calls and texts have continued even after Plaintiff expressly and repeatedly asked Defendant to stop, and received confirmation that Defendant would stop.

5. Plaintiff does not have an account with Defendant.

6. All of these telephone calls and text messages were made using an automatic telephone dialing system as defined at 47 U.S.C. § 227(a)(1).

7. Plaintiff brings this claim on behalf of himself and a class of similarly situated persons who have received wrong number calls and text messages from Defendant.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

9. This Court has personal jurisdiction over Defendant because Defendant conducts

significant amounts of business transactions within this District and because the actions giving rise to this complaint were directed at this District.

10. Venue is proper in this District under 28 U.S.C. § 1391(b) because Plaintiff resides in this district.

## PARTIES

11. Plaintiff is, and at all times mentioned herein was, a resident of Arlington Heights, Illinois. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

12. Defendant Wells Fargo Bank, N.A., and at all times mentioned herein was, a California corporation.

13. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

## PLAINTIFF'S FACTS

14. Since May 2015, Defendant has placed approximately 30 telephone calls and text messages to Plaintiff's cell phone, number 607-###-1350.

15. These calls and texts were all in apparent reference to the account of a third-party, as Plaintiff does not have an account with Defendant.

16. All of these calls and texts were made using an "automatic telephone dialing system" as defined at 47 U.S.C. § 227(a)(1) and as explained in subsequent FCC regulations and orders. The system(s) used by Defendant has/have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

17. Each text message was sent automatically and without human intervention.

18. Many or most of the calls were made using a prerecorded or artificial voice.

19. Plaintiff never gave Defendant his prior express consent to make such calls or texts to his cellular telephone.

20. In addition, Plaintiff has told Defendant – through phone calls and text messages – that it had the wrong number and to stop calling him.

21. For example, on August 21, 2015, Plaintiff sent a text message to Defendant containing the code "stop" and received a confirmation that he would no longer receive text messages from Wells Fargo.

22. On August 24, 2015, Plaintiff called Defendant and spoke with Defendant's employee Stephen in the Quality Assurance department who told Plaintiff that he would no longer be contacted.

23. Nonetheless, although the calls have stopped, Plaintiff continues to receive text messages.

24. Upon information and belief, Plaintiff has received approximately 30 calls and text messages from Defendant.

25. Plaintiff has suffered actual damages as a result of the Defendant's telephone calls, including, but not limited to, device storage and data usage, which is sufficient to confer Article III standing.

26. Plaintiff is entitled to statutory damages and injunctive relief.

## CLASS ALLEGATIONS

27. **Class Definition**: Plaintiff brings this action pursuant to Fed. R. Civ. P. 23 on behalf of himself and a Class of similarly situated individuals, defined as follows:

> All persons in the United States: (1) who are not customers of Defendant and (2) who received from Defendant (3) a text message or telephone call (4) made using an automatic telephone dialing system or prerecorded/artificial voice (5) on his or her cellular

telephone and (6) from whom Defendant has no record of express consent.

The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

28. **Numerosity**: The exact number of members of the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has made text messages and calls to thousands of individuals who fall into the definition of the Class. Members of the Class can be identified through Defendant's records, and through cross-referencing Defendant's records with records submitted by class members.

29. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not limited to the following:

    (a)    whether Defendant's conduct violated the TCPA;

    (b)    whether Defendant made text messages and calls utilizing an ATDS;

    (c)    whether and to what extent Defendant maintained policies and procedures to keep its consent records current;

    (d)  whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

  30.  **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class. Plaintiff and the members of the Class sustained damages as a result of Defendant's uniform wrongful conduct during transactions with Plaintiff and the Class.

  31.  **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and he has retained counsel competent and experienced in TCPA class actions. Plaintiff has no interests antagonistic to the Class, and Defendant has no defenses unique to Plaintiff.

  32.  **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class, and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

  33.  **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective

relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

## FIRST CAUSE OF ACTION
### Violations of 47 U.S.C. § 227(b)(1)(A)(iii)

34. Plaintiff and the Class incorporate the foregoing allegations as if fully set forth herein.

35. Defendant placed calls and text messages to Plaintiff and Class members on their cellular telephones.

36. These calls all used an automatic telephone dialing system or prerecorded or artificial voice.

37. Plaintiff and Class members did not consent to Defendant placing such calls to their cellular telephone.

38. The calls were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

39. Plaintiff and Class members are entitled to an award of $500 in statutory damages for each call or text made negligently, pursuant to 47 U.S.C. § 227(b)(3)(B).

40. Plaintiff and Class members are entitled to an award of treble damages in an amount up to $1,500 for each call or text made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Ethan Jones prays for the following relief:

A. An order certifying the proposed classes under Rule 23, appointing Plaintiff as class representative, and appointing Plaintiff's counsel as class counsel.

B. An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. § 227, *et seq.* and 15 U.S.C. § 1692, *et seq*;

C. An award of injunctive and other equitable relief prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

D. An award statutory damages;

E. An award of actual damages;

F. An award of reasonable attorneys' fees and costs; and

G. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

**Dated:** September 22, 2015

*/s/ Jeremy M. Glapion*_____
Jeremy M. Glapion
**THE GLAPION LAW FIRM, LLC**
1704 Maxwell Drive
Wall, New Jersey 07719
Tel: 732.455.9737
Fax: 732.709.5150
jmg@glapionlaw.com